IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KENYA TEASLEY, )
)
          Plaintiff, )
)
v. ) 1:24-CV-155
)
ELIZABETH O'BRIEN, )
)
          Defendant. )

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

The plaintiff, Kenya Teasley, filed this action against Elizabeth O'Brien, an attorney who represented defendants named in an earlier lawsuit filed by Ms. Teasley. Ms. Teasley alleges that in that earlier case, Ms. O'Brien filed a fraudulent exhibit and thereby infringed on Ms. Teasley's constitutional rights. Ms. Teasley has not alleged facts that show the injury and causation necessary for standing, so her claims will be dismissed for lack of subject matter jurisdiction. In the alternative, the claims will be dismissed for failure to state a claim upon which relief can be granted. Ms. Teasley also seeks recusal of the Magistrate Judge and District Judge assigned to this case. But the only basis she offers is that the judges have ruled against her, which is insufficient. The motion to recuse will be denied.

    **I.**     **The Complaint**

In the complaint, Ms. Teasley alleges that on March 1, 2023, she filed a lawsuit in the Middle District of North Carolina against various state court officials, including the

defendant, David Hoke.¹  Doc. 1 at ¶ 5.²  Ms. O'Brien, the defendant in this case, served as counsel for the defendants in the *Hoke* lawsuit.  *Id.*  Ms. Teasley alleges that Ms. O'Brien filed a fraudulent exhibit in connection with a motion to dismiss the *Hoke* lawsuit.  *Id.* at ¶ 6.³  She claims that this violated her First Amendment right to free speech, *id.* at ¶ 10, and to petition the government, *id.* at ¶ 13, as well as her Fourteenth Amendment right to procedural due process.  *Id.* at ¶¶ 16–18.

## II. Standing

### A. Generally

Under Article III of the Constitution, a federal court's jurisdiction only extends to cases and controversies.  *See* U.S. CONST. art. III, § 2.  "[A] case or controversy does not exist unless the plaintiff possesses standing to challenge the defendant's alleged misconduct."  *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015).  When "a case is at the pleading stage, the plaintiff must clearly

---

¹ Ms. Teasley does not reference by name the defendants in the lawsuit filed on March 1, 2023, in her complaint, but she does include the docket number and information needed to identify the case.  *See* Doc. 1 at ¶ 5.  The Court takes judicial notice of the proceedings in this earlier lawsuit, *Teasley v. Hoke*, No. 23-CV-197 ("the *Hoke* lawsuit").  *See United States v. Schley-Cole*, No. 13-CR-11-2, 2013 WL 6073550, at *1–2 (N.D.W. Va. Nov. 18, 2013) (acknowledging that courts in the Fourth Circuit routinely take judicial notice of court records and dockets and collecting cases).

² Unless explicitly stated, the citations to the docket refer to docket entries in this lawsuit, *Teasley v. O'Brien*, No. 24-CV-155.  Citations to the docket in the *Hoke* lawsuit, No. 23-CV-197, will be as follows:  *Hoke*, Doc. # (<date>).

³ Ms. Teasley does not attach a copy of the document she claims is fraudulent, but she does refer to it with reasonable clarity.  *See* Doc. 1 at ¶ 6.  The exhibit she says is fraudulent is Doc. 8-1 in the Hoke lawsuit.  *Hoke*, Doc. 8-1 (May 16, 2023).

2

allege facts demonstrating" standing.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (cleaned up).

Article III standing has three elements:  a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Id.*; *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021); *Disability Rts. S.C. v. McMaster*, 24 F.4th 893, 899 (4th Cir. 2022).  An injury in fact requires that the plaintiff show she suffered "an invasion of a legally protected interest."  *Spokeo*, 578 U.S. at 339 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  The invasion must be both "concrete and particularized" and "not conjectural or hypothetical."  *See Lujan*, 504 U.S. at 560 (cleaned up).  And there must be a causal connection between the asserted injury and the complained of conduct.  *Id.*

Standing is a question of subject matter jurisdiction addressed under Federal Rule of Civil Procedure 12(b)(1).  *See CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011).  A defendant can challenge subject matter jurisdiction one of two ways:  through a facial attack or a factual attack.  *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

A defendant asserts a facial challenge to subject matter jurisdiction if she contends "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based."  *Id.* (cleaned up).  With such challenges, courts "apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged."  *Id.* at 193.

3

### B. The Plaintiff Has Not Shown Standing

Ms. Teasley does not allege any facts to show that the filing of the allegedly fraudulent exhibit caused her any injury. She says nothing about how the exhibit affected the proceedings in the *Hoke* lawsuit or why its filing prevented her from challenging its authenticity or otherwise pursuing her claims. Conclusory assertions of the denial of constitutional rights are insufficient to show the kind of injury and causation necessary for standing. Courts are not required to "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Fessler v. Int'l Bus. Machs. Corp.*, 959 F.3d 146, 154 (4th Cir. 2020) (cleaned up) (evaluating trial court's decision to grant motion to dismiss under Rule 12(b)(6)). Ms. Teasley has not clearly alleged facts demonstrating injury or causation. Dismissal is appropriate on this basis alone.

As an additional reason for dismissal, a review of the docket in the *Hoke* lawsuit conclusively establishes that the filing of the allegedly fraudulent exhibit did not cause Ms. Teasley any injury. In her complaint, Ms. Teasley explicitly refers to proceedings in the *Hoke* lawsuit, identifying it by case number. *See* Doc. 1 at ¶¶ 5, 10, 13. Her claims in this case depend on what happened in the *Hoke* lawsuit, as she contends the filing of the allegedly fraudulent exhibit violated her constitutional rights to speak freely and present her case, petition the government for redress, and receive procedural due process. *Id.* at ¶¶ 10, 13, 16–18.

Ms. O'Brien filed the allegedly fraudulent exhibit on the public docket as part of a motion to dismiss. *Hoke*, Doc. 8-1 (May 16, 2023). Ms. Teasley was aware it was filed, as shown by her brief in opposition which mentioned and challenged the exhibit. *See*

4

*Hoke*, Doc. 10 at 2–3 (May 19, 2023). Ms. Teasley had an opportunity to challenge and did challenge the authenticity of the exhibit in a supplemental brief, *Hoke*, Doc. 11 at 1–2 (May 24, 2023), and in her objections to the Magistrate Judge's recommendation on the motion to dismiss. *Hoke*, Doc. 16 at 3 (Dec. 27, 2023). Ms. Teasley had every opportunity to file evidence to support her assertion that the exhibit was fraudulent and every opportunity to explain why it did not support dismissal of her claims. She suffered no injury from the filing of the exhibit.

After the District Judge adopted the Magistrate Judge's recommendation, Ms. Teasley challenged the exhibit's authenticity again in a post-judgment motion. *Hoke*, Doc. 23 (Feb. 5, 2024). The Court denied the motion because Ms. Teasley did not show that Ms. O'Brien had committed any fraud on the court, nor did she offer "evidence of fraud beyond her own unsupported assertions and speculation about how a document was created." *Hoke*, Doc. 26 (Feb. 20, 2024). Again, Ms. Teasley had an opportunity to address the exhibit, and she could have filed evidence in support of her motion; she suffered no injury caused by the filing of the exhibit.

Finally, neither the Magistrate Judge in his recommendation, *Hoke*, Doc. 14 (Dec. 18, 2023), nor the District Judge in adopting the recommendation, *Hoke*, Doc. 17 (Jan. 19, 2024), made mention of the exhibit or referred to it in any way; the record shows that Ms. Teasley's claims were dismissed for reasons unrelated to the allegedly fraudulent exhibit. Given that the allegedly fraudulent exhibit had no effect on the result in the case, its filing caused her no injury.

5

Ms. Teasley has not alleged facts tending to show that she suffered a concrete and particularized injury that is casually connected to Ms. O'Brien's actions. *See Lujan*, 504 U.S. at 560. And the record in the *Hoke* lawsuit, on which her claims here depend, affirmatively shows she has not. In the absence of standing, the complaint will be dismissed for lack of subject matter jurisdiction.

### III. The Plaintiff Does Not State a Claim for Which Relief Can be Granted and the Complaint is Frivolous

In the alternative, the complaint fails to state a claim on which relief may be granted. To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Just as it does for the facial challenge to subject matter jurisdiction, a district court assumes the truth of the factual allegations contained in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Twombly*, 550 U.S. at 555–56; *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

But a court is not required to accept any legal conclusions drawn from the facts, *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000), nor should it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Fessler*, 959 F.3d at 154 (cleaned up). There must be "enough heft" to the complaint "to show that the pleader is entitled to relief." *See Twombly*, 550 U.S. at 557 (cleaned up).

In her first two claims, Ms. Teasley asserts First Amendment violations, contending that Ms. O'Brien deprived her of the right to freedom of speech and to

6

petition the government by denying her "the opportunity to present her case." Doc. 1 at ¶¶ 10–15. In her third claim, Ms. Teasley asserts a Fourteenth Amendment violation, contending that Ms. O'Brien deprived her of the right to procedural due process by denying her "the liberty interest of having a fair court trial" and "the right to be heard by an unbiased tribunal." *Id.* at ¶¶ 16–20. Whatever the specific elements of these claims may be, the Court will assume without deciding that these rights can be enforced in a 42 U.S.C. § 1983 action against counsel for an opposing litigant.[4] Even so assuming, dismissal is appropriate because Ms. Teasley does not provide any facts tending to indicate her constitutional rights were violated by Ms. O'Brien.

First, she does not allege any facts to support her conclusory assertion that the exhibit was fraudulent. *See id.* at ¶ 6. Second, she alleges no facts tending to show how Ms. O'Brien's filing of the exhibit prevented Ms. Teasley from presenting her case or deprived her of a fair trial. Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but demands more than unadorned, the defendant-unlawfully-harmed me accusations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Finally, Ms. Teasley's claims are implausible, both on their face and when viewed in light of the record in the *Hoke* lawsuit. She alleges nothing to support her claim that

---

[4] As to her due process claim, this is highly questionable, as she has not alleged a liberty interest. *See Massey v. Ojaniit*, 759 F.3d 343, 354 (4th Cir. 2014) (holding "[f]abrication of evidence alone is insufficient to state a claim for a due process violation; a plaintiff must plead adequate facts to establish that the loss of liberty – i.e., his conviction and subsequent incarceration – resulted from the fabrication"); *accord Williams v. Mitchell*, 682 F. Supp. 3d 503, 515 (E.D. Va. 2023).

7

Ms. O'Brien, a member of the North Carolina State Bar who works for the Attorney General, risked her professional career by filing with a federal court an order purporting to be issued by the Chief Justice that was not in fact authorized by the Chief Justice. And Ms. Teasley alleges no facts tending to indicate she could not present her case. To the contrary, the record in *Hoke* is replete with her challenges to the authenticity of the exhibit. Nothing in the Magistrate Judge's recommendation, *Hoke*, Doc. 14 (Dec. 18, 2023), or the District Judge's decisions, *Hoke*, Doc. 17 (Jan. 19, 2024); Doc. 26 (Feb. 20, 2024), gives the slightest hint that the exhibit was considered in any way or had any effect on the dismissal of her claims. In light of the dearth of factual allegations and the clear record in *Hoke* showing Ms. Teasley's claims are without merit, the Court finds the complaint to be frivolous.

In her brief in opposition to this motion to dismiss, Ms. Teasley says that she "has not revealed all of the proof that she has . . . There is a time and place for everything." Doc. 10 at 1. But as she knows from her litigation history, *see infra* pp. 9–12, factual allegations to support a claim should be put forth in the complaint. Ms. Teasley has not filed an amended complaint in response to the motion to dismiss. Nor has she referred to any factual allegations in her brief that might support her claims, beyond unclear references to the "properties" of a document. *See* Doc. 10 at 2. Even if Ms. Teasley has standing, she has not stated a claim against Ms. O'Brien on which relief may be granted.

### IV. Motion to Recuse

Ms. Teasley has filed a motion to recuse the Magistrate Judge and District Judge assigned to this case. Doc. 11. The only grounds she identifies are that the judicial

8

officials have ruled against her. *See id.* at 1. This is not a basis for recusal. *See United States v. Gordon*, 61 F.3d 263, 267–68 (4th Cir. 1995) (stating the "Supreme Court has made crystal clear . . . that litigants may not make the trial judge into an issue simply because they dislike the court's approach or because they disagree with the ultimate outcome of their case"); *Binakonsky v. Ford Motor Co.*, 4 F. App'x 161, 167 (4th Cir. 2001) (holding trial judge had not shown bias and did not need to recuse himself after frequently ruling against plaintiff); *accord Skipper v. Jumpstart*, No. 20-CV-4146, 2022 WL 451623, at *3 (D.S.C. Jan. 31, 2022). Nor does this kind of claim require that a different judge evaluate the recusal motion. *See, e.g.*, *Binakonsky*, 4 F. App'x at 167; *see also United States v. DeTemple*, 162 F.3d 279, 287–88 (4th Cir. 1998) (affirming district judge's decision not to recuse himself when defendant's contentions "not only lack[ed] a factual basis demonstrating impropriety, but also fail[ed] to create even the appearance of bias").

Ms. Teasley also says that if the *Hoke* lawsuit is remanded after her appeal is heard by the Fourth Circuit, she will seek disqualification of Ms. O'Brien as counsel of record in the *Hoke* lawsuit. Doc. 11 at 1. If and when that happens, she should file a motion in the *Hoke* case, not in this case. Any such motion is subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure, and Ms. Teasley is subject to sanctions if she does not have a good faith basis for the motion.

V. **Warning**

Ms. Teasley has filed at least 12 lawsuits against state actors in this district. In 2020, she filed eight lawsuits in which she named the Attorney General of North

Carolina, Assistant Attorneys General, and other state officials as defendants and alleged violations of her right to a fair judicial process in various state court proceedings.[5] In all but one of those, *see* Docket No. 20-CV-1166, she sought to proceed without payment of the filing fee. Seven of the lawsuits were dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).[6] The eighth was dismissed for lack of personal jurisdiction based on inadequate process and service of process. *Teasley v. Stein*, No. 20-CV-1166, Doc. 36 at 7 (M.D.N.C. Mar. 10, 2022).

In 2021, Ms. Teasley filed a lawsuit in this district against a state Superior Court Judge, asserting the judge violated her constitutional rights when a mediator was not assigned in one of her many state court proceedings. *Teasley v. Hudson*, No. 21-CV-265, Doc. 1 at 7–8 (M.D.N.C. Mar. 31, 2021). The Court dismissed the lawsuit because the judge had judicial immunity and the plaintiff did not allege any facts to negate his immunity. *Hudson*, No. 21-CV-265, Doc. 13 (M.D.N.C. July 7, 2021). The complaint also failed to state a claim on which relief could be granted. *Id.* at 2.

---

[5] *See Teasley v. Stein*, No. 20-CV-787, Doc. 2 at 4 (M.D.N.C. Aug. 28, 2020); *Teasley v. Stein*, No. 20-CV-788, Doc. 2 at 4 (M.D.N.C. Aug. 28, 2020); *Teasley v. Stein*, No. 20-CV-789, Doc. 2 at 4 (M.D.N.C. Aug. 28, 2020); *Teasley v. Stein*, No. 20-CV-790, Doc. 2 at 4 (M.D.N.C. Aug. 28, 2020); *Teasley v. Stein*, No. 20-CV-791, Doc. 2 at 6 (M.D.N.C. Aug. 28, 2020); *Teasley v. Smyth*, No. 20-CV-792, Doc. 2 at 4–5 (M.D.N.C. Aug. 28, 2020); *Teasley v. Fox*, No. 20-CV-901, Doc. 2 at 4–5 (M.D.N.C. Oct. 1, 2020); *Teasley v. Stein*, No. 20-CV-1166, Doc. 1 at 7–8 (M.D.N.C. Dec. 29, 2020).

[6] *See Teasley v. Stein*, No. 20-CV-787, Doc. 8 at 2 (M.D.N.C. Dec. 7, 2020); *Teasley v. Stein*, No. 20-CV-788, Doc. 8 at 1 (M.D.N.C. Dec. 7, 2020); *Teasley v. Stein*, No. 20-CV-789, Doc. 8 at 1 (M.D.N.C. Dec. 7, 2020); *Teasley v. Stein*, No. 20-CV-790, Doc. 8 at 1–2 (M.D.N.C. Dec. 7, 2020); *Teasley v. Stein*, No. 20-CV-791, Doc. 9 at 2 (M.D.N.C. Dec. 8, 2020); *Teasley v. Smyth*, No. 20-CV-792, Doc. 9 at 2 (M.D.N.C. Dec. 8, 2020); *Teasley v. Fox*, No. 20-CV-901, Doc. 7 at 2 (M.D.N.C. Jan 8, 2021).

In 2023, Ms. Teasley filed two more lawsuits in this district, again against state officials related to state court litigation.[7] One of those was the *Hoke* lawsuit, which was dismissed because the Court lacked subject matter jurisdiction and the complaint failed to state a claim upon which relief could be granted. *Hoke*, Doc. 17 at 2 (Jan. 19, 2024). In the other one, Ms. Teasley sued three state officials for violating her constitutional rights. *See generally*, *Teasley v. Hansen*, No. 23-CV-544, Doc. 1 (M.D.N.C. June 30, 2023). The action again stemmed from how she was treated during state court proceedings, *id.* at ¶ 1, and again was dismissed for failure to state a claim. *Hansen*, No. 23-CV-544, Doc. 12 at 1, 8 (M.D.N.C. Jan. 19, 2024).

Courts have repeatedly explained to Ms. Teasley that a complaint putting forth only conclusory allegations and the plaintiff's own feelings of mistreatment will be dismissed.[8] Yet she continues to file such lawsuits, all without any factual support whatsoever beyond her own opinion. The current lawsuit is frivolous, and several of her previous lawsuits have also been frivolous. *See supra* note 6.

On top of this, she has taken to using abusive language about and toward judicial officials. *See, e.g.*, *Hoke*, Doc. 16 at 2–3 (Dec. 27, 2023) (plaintiff's objection to

---

[7] *See Hoke*, Doc. 1 (Mar. 1, 2023); *Teasley v. Hansen*, No. 23-CV-544, Doc. 1 at ¶¶ 1–2 (M.D.N.C. June 30, 2023).

[8] *See, e.g.*, *Teasley v. Stein*, No. 20-CV-787, Doc. 5 at 4–5, 9 (M.D.N.C. Nov. 13, 2020) (stating the plaintiff "provided virtually no details about the substance of [the state court] proceedings" and recommending dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Teasley v. Stein*, No. 20-CV-788, Doc. 5 at 3, 8 (M.D.N.C. Nov. 13, 2020) (noting that Ms. Teasley's "complaint lacks sufficient, coherent factual allegations to support any plausible claim against the defendants" and recommending dismissal (cleaned up)); *Hoke*, Doc. 14 at 10, 12 (M.D.N.C. Dec. 18, 2023) (stating the plaintiff's "conclusory and unsubstantiated claims of injury are alleged at too high a level or generality and thus are insufficient" and recommending dismissal).

11

Magistrate Judge's recommendation); *see also Hoke*, Text Order (Jan. 30, 2024) (order striking plaintiff's filing because it did not request relief and included "unfounded scurrilous accusations"); *Hoke*, Text Order (Mar. 6, 2024) (striking another filing and stating the same). The Court has warned Ms. Teasley that scurrilous attacks on judicial officers "may result in dismissal of claims or cases or other appropriate sanction[s]." *Hoke*, Doc. 17 at 2 (Jan. 19, 2024).

The All Writs Act, 28 U.S.C. § 1651, authorizes district courts to issue pre-filing injunctions to restrict access to the courts by "vexatious and repetitive litigants." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Before issuing such injunctions, courts must weigh the following factors:

> (1) the party's history of litigation, in particular whether [s]he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* at 818. This measure should be used sparingly and must be "consistent with [the] constitutional guarantees of due process of law and access to the courts." *Id.* at 817. But "a litigant's continuous abuse of the judicial process" through the "filing of meritless and repetitive actions" can create exigent circumstances that warrant a pre-filing injunction. *Id.* at 817–18 (cleaned up).

The Court will not issue a pre-filing injunction at this time but warns Ms. Teasley that she cannot continue to file lawsuits based on conclusory assertions of constitutional violations by state officials during state court litigation. If she is unhappy about the

12

results of state court litigation, the usual remedy is a state court appeal, not a frivolous lawsuit in federal court. If she does not like the result of a case in federal court, the usual remedy is an appeal, not another lawsuit.

If Ms. Teasley ignores this warning, she can expect the Court to consider whether a pre-filing injunction is appropriate. If it is, her right to file lawsuits in this district and perhaps others will be restricted. The Court may also consider whether other sanctions, such as a fine or monetary sanction, are appropriate.

VI. Conclusion

The plaintiff does not have standing necessary to establish subject matter jurisdiction and fails to state a claim upon which relief can be granted. She does not provide factual allegations in support of her alleged injuries. The defendant's motion to dismiss will be granted. Judgment will be entered separately.

The plaintiff does not demonstrate any basis for recusal of the Magistrate Judge or District Judge assigned to this matter. Her motion to recuse will be denied.

The plaintiff is warned that frivolous lawsuits will not be tolerated going forward.

It is **ORDERED** that:

1. The defendant's motion to dismiss, Doc. 7, is **GRANTED**, and the case is **DISMISSED** for lack of subject matter jurisdiction. Judgment will be entered concurrently.

2. The plaintiff's motion for recusal of the Magistrate Judge and District Judge, Doc. 11, is **DENIED**.

3. The plaintiff, Kenya Teasley, is **WARNED** against filing more lawsuits that assert only conclusory claims unsupported by factual allegations sufficient to make her claims plausible. The plaintiff Kenya Teasley is **WARNED** that if she files another frivolous lawsuit, a pre-filing injunction that restricts and limits her access to the federal courts or other appropriate sanction may be issued.

This the 23rd day of May, 2024.

_____
UNITED STATES DISTRICT JUDGE